# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JUDICIAL WATCH, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 09-1508 (HHK) |
| ) | |
| U.S. DEPARTMENT OF THE ) | |
| TREASURY, ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S ANSWER

Defendant U.S. Department of the Treasury ("Defendant") hereby answers the complaint of Plaintiff Judicial Watch, Inc. ("Plaintiff").

Defendant's Responses to the Numbered Paragraphs

Answering the numbered paragraphs of Plaintiff's Complaint, Defendant responds as follows:

JURISDICTION AND VENUE

1. Paragraph 1 sets forth Plaintiff's assertion of jurisdiction and thus is a legal conclusion to which no response is required.

2. Paragraph 2 sets forth Plaintiff's assertion of venue and thus is a legal conclusion to which no response is required.

PARTIES

3. Paragraph 3 sets forth Plaintiff's characterization of itself, its mission, and its activities, about which Defendant lacks sufficient knowledge and information to

confirm or deny.

4. Defendant admits the first sentence of paragraph 4. Defendant admits that it has possession, custody, and control of at least some records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. Defendant admits that it received a request from Plaintiff under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, dated January 23, 2009, and further avers that the request speaks for itself.

6. Paragraph 6 sets forth Plaintiff's characterization of the FOIA statute, to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the statute for a full and accurate statement of its contents.

7. Defendant admits that, on February 11, 2009, it sent a letter to Plaintiff confirming receipt of Plaintiff's January 23, 2009 FOIA request, assigning the request number 2009-02-018, and stating that it was granting itself a ten (10) day extension of time to respond.

8. Paragraph 8 sets forth Plaintiff's characterization of the FOIA statute, to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the statute for a full and accurate statement of its contents.

9. Defendant admits that, on April 7, 2009, it sent a letter to Plaintiff confirming receipt of Plaintiff's March 31, 2009 letter. Defendant admits that it has not disclosed agency records responsive to Plaintiff's FOIA request but denies that any documents have been withheld improperly.

10. Defendant admits that it has not disclosed agency records responsive to Plaintiff's FOIA request.

11. Paragraph 11 sets forth Plaintiff's assertion of exhaustion and thus is a legal conclusion to which no response is required.

## COUNT 1

12. Paragraph 12 realleges and incorporates all preceding paragraphs. To the extent a response is required, Defendant refers the Court to its responses to specific preceding paragraphs.

13. Paragraph 13 contains characterizations of Plaintiff's legal claims to which no response is required. To the extent a response is deemed to be required, Defendant denies the allegations contained in this paragraph.

14. Defendant is without knowledge or information sufficient to confirm or deny the allegations of paragraph 14.

The balance of the Complaint constitutes a prayer for relief to which no answer is required. Defendant denies that Plaintiff is entitled to the relief requested, or to any relief whatsoever.

Defendant hereby denies all allegations in Plaintiff's Complaint not expressly admitted or denied.

## Affirmative Defenses

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's complaint fails to state a claim upon which relief can be granted.

THEREFORE, having fully answered, Defendant asserts that Plaintiff is not entitled to the relief requested, or to any relief whatsoever, and requests that this action be dismissed with prejudice and that Defendant be given such other relief as the Court deems just and proper.

Dated: October 21, 2009                     Respectfully submitted,

                                            TONY WEST
                                            Assistant Attorney General

                                            CHANNING D. PHILLIPS
                                            Acting United States Attorney

                                            ELIZABETH J. SHAPIRO
                                            Deputy Director


                                             /s/ *Teresa M. Schreffler*
                                            TERESA M. SCHREFFLER (KS # 22574)
                                            Trial Attorney
                                            United States Department of Justice
                                            Civil Division, Federal Programs Branch
                                            20 Massachusetts Avenue N.W.
                                            Washington, DC  20530
                                            Tel:  (202) 305-7898
                                            Fax: (202) 616-8470

                                            Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that, on October 21, 2009, a copy of the foregoing Defendant's Answer was served upon counsel of record by electronic means through electronic filing:

Paul J. Orfanedes
Jason B. Aldrich
Judicial Watch, Inc.
Suite 700
501 School Street, S.W.
Washington, D.C. 20024
Attorneys for Plaintiff

       /s/ Teresa M. Schreffler
TERESA M. SCHREFFLER (KS # 22574)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue N.W.
Washington, D.C. 20530
Tel: (202) 305-7898
Fax: (202) 616-8202
Email: teresa.m.schreffler@usdoj.gov